UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND CRUZ, on his own behalf, and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>GRANITE KITCHEN & BATH, LLC, and all other affiliated entities and/or joint employers whose true names are unknown, and PIOTR GRODECKI, Individually,<br><br>Defendants. | Civil Action No. 23-3565 (MCA) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER APPROVING FLSA SETTLEMENT** |

This matter comes before the Court on the parties' joint motion for final settlement approval. (ECF No. 15). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 16). The Court makes the following findings of fact and conclusions of law in approving the settlement.

**I.      Background and Procedural History**

1.      The parties' proposed settlement resolves plaintiff's wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:4, *et seq*. ("NJWPL"). (ECF No. 15 at 2).

2.      Plaintiff Raymond Cruz commenced this action on July 2, 2023, on behalf of a putative class of granite installation laborers,[1] against his former employer, defendant

---

[1] Plaintiff never sought to certify this as a collective or class action and is thus settling on an individual basis. (ECF No. 15 at n. 1).

Granite Kitchen & Bath, LLC and its owner, defendant Grodecki. Plaintiff alleges that defendants failed to pay him overtime wages for time worked as a granite-installer in excess of forty hours per week, in violation of the FLSA, the NJWHL, and the NJWPL. (Compl., ECF No. 1). Defendants answered the Complaint on August 28, 2023, generally denying the allegations. (ECF No. 8).

      3.     The undersigned began supervising pretrial discovery and held an initial scheduling conference on November 8, 2023. (ECF No. 11). Thereafter, the parties engaged in discovery while simultaneously conducting settlement negotiations. During discovery, defendants produced plaintiff's timesheets and payroll records (ECF No. 15 at 1-2), allowing plaintiff to compare his allegations of underpayment to defendants' documentary evidence.

**II.**    **Settlement**

      4.     On February 6, 2024, plaintiff wrote to advise the Court that the parties had reached a settlement in principle. (ECF No. 12). Upon receipt of plaintiff's letter, the Court entered a text order directing the parties to submit a motion for final settlement approval on or before February 13, 2024, with which the parties complied. (ECF No. 15).

      5.     The parties agreed to settle this case for a total amount of $9,000.00 (the "Settlement Amount") in full satisfaction of plaintiff's claims and his attorneys' fees and costs. (ECF No. 15-1 at ¶ 1).

      6.     The parties further agreed that the settlement sum is to be paid in a single installment by three checks sent to Jaffe Glenn Law Group, PC, counsel for plaintiff, and distributed as follows:

        a.   A payment to plaintiff Raymond Cruz in the sum of $3,000 as payment for back wages. (ECF No. 15-1 at ¶ 1).

      b.  A payment to plaintiff Raymond Cruz in the sum of $3,000 as liquidated damages. (*Id*.)

      c.  A payment to Jaffe Glenn Law Group, PC of $3,000 for attorneys' fees and costs. (*Id*.).

### III. Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9. The Court determines that plaintiff's agreement to settle for $9,000 constitutes a compromise of a bona fide dispute. Defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. (ECF No. 15 at 2). Moreover, defendants have produced time and payroll records that purport to show plaintiff's hours worked and rate of pay and which allegedly contradict plaintiff's claims. (ECF No. 15 at 2). Accordingly, there is no guarantee that plaintiff would prevail at trial. The settlement thus serves as a reasonable compromise of these disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record

before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. The parties have submitted a final settlement agreement, which has been reviewed by the Court. (ECF No. 15). The Court finds the release provisions contained therein fully comply with applicable law. (*See* ECF No. 15-1 ¶¶ 3-4). Although the release clause could be interpreted to go beyond a release of the wage claims, the Court hereby directs for all future purposes that the release be construed as limited to wage-related claims asserted in this action.

12. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 15) and approves the payments to be made to the plaintiff in the amounts stated in the Settlement Agreement.

### IV. Award of Attorneys' Fees and Costs

13. Plaintiff's Counsel seeks $3,000 in fees and reimbursement for costs.

14. Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settling plaintiff's claims.

15. The fees requested represent exactly one-third of the total settlement amount, which has been held to be fair and reasonable in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

16. The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorneys' fees and costs in the amount of $3,000.

### V. Conclusion and Dismissal

17. The Court approves the terms and conditions of the Settlement Agreement.

18. The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

19. The Clerk of the Court is directed to terminate the motion at ECF No. 15.

20. The action is hereby dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the Settlement Agreement. The Clerk shall mark the case CLOSED.

**It is so ORDERED this 4th day of March 2024**.

                                           *s/ Leda Dunn Wettre*
                                           Leda Dunn Wettre
                                           United States Magistrate Judge